

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BUTLER, | : CIVIL ACTION NO. 1:01-1283 |
| Plaintiff | : (CALDWELL, J.) |
| v | : (MANNION, M.J.) |
| SUPERINTENDENT MORGAN, | : |
| Defendant | : |

FILED
SCRANTON

AUG 0 3 2001

PER _____
DEPUTY CLERK

REPORT AND RECOMMENDATION

On July 11, 2001, the plaintiff, an inmate at the State Correctional Institution at Smithfield, ("SCI-Smithfield"), Huntingdon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On the same day, the plaintiff filed an application to proceed in forma pauperis and authorization form. (Doc. Nos. 2 & 3). As a result, an administrative order was issued. (Doc. No. 4). The complaint will now be given preliminary consideration.

The only named defendant to this action is Superintendent Morgan, SCI-Smithfield.

In his complaint, the plaintiff alleges that between May and June of 2001, he began to experience headaches. He alleges that he was prescribed pain medication for a short period of time, but was later taken off the medication. The plaintiff alleges that his headaches are the result of the Smithfield officials tampering with his food. (Doc. No. 1, p. 2).

The plaintiff is seeking monetary damages, as well as a transfer from SCI-Smithfield. (Doc. No. 1, p. 3).

Section 804(g) of the Prison Litigation Reform Act of 1995, ("PLRA"), prohibits a prisoner who is proceeding in forma pauperis

1

from bringing a civil action, or appealing a judgment in a civil action, if that prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

With respect to the instant action, the plaintiff has admitted in his application to proceed in forma pauperis that he has had three (3) or more lawsuits dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. (Doc. No. 2). However, in an apparent attempt to avoid the "three strikes" provision of the PLRA, the plaintiff alleges in his application that he is under imminent danger because officials at SCI-Smithfield are "plotting" against him and denying him pain medication for his headaches. (Doc. No. 2, p. 2). In essence, the plaintiff is alleging that he is under imminent danger of serious physical injury because he is receiving inadequate medical treatment. The plaintiff's allegations are insufficient to meet the "imminent danger" exception to the three strikes provision of § 1915(g). See Ford v. Foti, 2001 WL 845461 (E.D.La. July 25, 2001)(allegations relating to inadequate medical care do not demonstrate imminent danger of serious physical injury); Gallagher v. McGinnis, 2000 WL 739285 (E.D.La. June 5, 2000)(allegation by plaintiff that prison officials withdrew medications used "to alleviate pain, anxiety, depression and other maladies" was insufficient to establish imminent danger of serious physical

2

injury to excuse three strikes provision of PLRA). As such, the instant action should be dismissed pursuant to 28 U.S.C. § 1915(g).

In the alternative, in order to state a claim under § 1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Moreover, liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Relief cannot be granted against a defendant pursuant to § 1983 based solely on the theory of respondeat superior or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

Here, the plaintiff has failed to set forth any allegations against defendant Morgan which would indicate that he was personally involved in any alleged violation of the plaintiff's constitutional rights. In fact, it would appear that the plaintiff is attempting to hold defendant Morgan liable simply on a theory of respondeat superior. As such, the plaintiff's complaint should be

3

dismissed for his failure to state a claim upon which relief may be granted.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

(1) the plaintiff's complaint, **(Doc. No. 1)**, be dismissed pursuant to 28 U.S.C. § 1915(g) or, in the alternative,

(2) the plaintiff's complaint, **(Doc. No. 2)**, be dismissed for the plaintiff's failure to state a claim upon which relief may be granted.

_____
MALACHY E. MANNION
United States Magistrate Judge

Dated:   August 2, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BUTLER, | : CIVIL ACTION NO. 1:01-1283 |
| Plaintiff | : (CALDWELL, J.) |
| v | : (MANNION, M.J.) |
| SUPERINTENDENT MORGAN, | : |
| Defendant | : |

FILED
SCRANTON

AUG - 3 2001

PER _____
DEPUTY CLERK

N O T I C E

TO: Charles Butler, Reg. No. LQ-3210
    SCI-SMITHFIELD
    P.O. Box 999
    1120 Pike Street
    Huntingdon, PA   16652

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the following:    Report and Recommendation of Magistrate Judge Mannion dated 08/02/01.

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule 72.31, M.D.PA, which provides:   72.31   Review of Case-Dispositive Motions and Prisoner Litigation - 28 U.S.C. Sec. 636(b)(1)(B).

Any party may object to a magistrate judge's proposed findings, recommendations, or report, under subsections 72.4, .5, and .6 of these rules, supra, within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Rule 72.30 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate
judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the

record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

                                            /s/ Malachy E. Mannion
                                            MALACHY E. MANNION
                                            United States Magistrate Judge


Dated:    August 2, 2001